**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HARVEY R. JOHNSON,

    Plaintiff

v.

OFFICER R. LOATMAN, *et al.*,

    Defendants

**CIV. NO. 19-19174 (RMB-KMW)**

**OPINION**

**BUMB, DISTRICT JUDGE**

Plaintiff Harvey R. Johnson, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") filed this civil rights action on October 21, 2019. (Compl., ECF No. 1.) Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1). Commencing a lawsuit without paying the filing fee is governed by 28 U.S.C. § 1915(a), which provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to

> filing the affidavit filed under paragraph
> (1), shall submit a certified copy of the
> trust fund account statement (or institutional
> equivalent) for the prisoner for the 6-month
> period immediately preceding the filing of the
> complaint or notice of appeal, obtained from
> the appropriate official of each prison at
> which the prisoner is or was confined.

Plaintiff has not submitted an IFP application; therefore, the Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the
> Clerk shall not be required to enter any suit,
> file any paper, issue any process or render
> any other service for which a fee is
> prescribed by statute or by the Judicial
> Conference of the United States, nor shall the
> Marshal be required to serve the same or
> perform any service, unless the fee therefor
> is paid in advance. The Clerk shall receive
> any such papers in accordance with L.Civ.R.
> 5.1(f).

below, the Court would dismiss the complaint for failure to state a claim upon conclusive screening.

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. <u>See</u> <u>Izquierdo v. New Jersey</u>, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff brings constitutional claims against fourteen prison employees at FCI Fort Dix for incidents that primarily occurred between June 20, 2016 through August 6, 2017.[3] (Compl., ECF No. 1 and 1-2.) In summary, Plaintiff describes several incidents of alleged retaliation for his use of the prison grievance system, including the writing of false incident reports that resulted in his placement in the segregated housing unit "SHU;" unreasonable cell searches resulting in loss or damage to his legal documents and other property; verbal harassment; and that a corrections officer threw apples at him through the opening slot of his cell. Plaintiff asserts Defendants conspired to violate

---

[3] It appears from the face of the complaint that Plaintiff's Bivens-type claims are barred by the two-year statute of limitations. See Hughes v. Knieblher, 341 F. App'x 749, 752 (3d Cir. 2009) (describing two-year statute of limitations for Bivens claims brought in New Jersey). If Plaintiff seeks to reopen this action, he should submit a writing explaining why his claims are not time-barred.

his constitutional rights and violated his rights under the First, Fourth, Fifth and Eighth Amendments.

    A.   <u>Availability of Bivens Remedy</u>

Unlike the statutory remedy found in 42 U.S.C. § 1983 for violations of the Constitution by state actors, there is no federal statute providing a cause of action for violation of constitutional rights by a federal actor. <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1854 (2017). Courts have sometimes found an implicit remedy for such cases. <u>Id.</u> "Bivens is the short-hand name given to causes of action against federal officials for alleged constitutional violations." <u>Bistrian v. Levi</u>, 912 F.3d 79, 88 (3d Cir. 2018). Whether a <u>Bivens</u> claim exists in a particular context is a "threshold question of law." <u>Bistrain</u>, 912 F.3d at 88-89 (quoting <u>Vanderklok v. United States</u>, 868 F.3d 189, 197 (3d Cir. 2017) (quoting <u>Wilkie v. Robbins</u>, 551 U.S. 537, 549 n.4 (2007)).

In <u>Bivens</u>, the Supreme Court recognized an implied remedy "to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." <u>Abbasi</u>, 137 S. Ct. at 1854 (citing <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971)). After <u>Bivens</u>, the Supreme Court has implied remedies in only two additional contexts, the Fifth Amendment's Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual

punishment. Bistrian, 912 F.3d at 89 (citing Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment) and Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment)). The Supreme Court in Abbasi "'established a rigorous inquiry' to determine whether a Bivens cause of action should be recognized in a new context." Bistrian, 912 F.3d at 89 (quoting Vanderklok v. Unites States, 868 F.3d 189, 200 (2017)).

The first step in the inquiry is to "determine whether a case presents "a new Bivens context[,]" by asking whether or not the case "is different in a meaningful way from previous Bivens cases decided by [the Supreme] Court[.]" Id. at 89-90 (quoting Abbasi, 137 S. Ct. at 1859). If the case presents a new Bivens context, the second step of the inquiry is whether "'special factors counsel[ ] hesitation' in permitting the extension." Id. at 90 (quoting Abbasi, 137 S. Ct. at 1857.) Two of many possible factors to consider are "particularly weighty: the existence of an alternative remedial structure and separation-of-powers principles." Id. (quoting Abbasi at 1857-58).

Using this analysis, the Third Circuit held that special factors, especially separation of powers concerns, counsel against creating a new Bivens remedy for punitive detention within the prison context under the Fifth Amendment, an area best suited to the executive branch. Id. at 94-95. Furthermore, the Third Circuit

7

held that special factors counseled against extending Bivens to First Amendment retaliation claims by prisoners, although it had recognized such causes of action prior to Abbasi. Bistrian, 912 F.3d at 95-96. Of special importance is the fact that disciplinary measures taken within the administration of a prison involve expertise of the executive branch. Id. at 96. The Third Circuit does not recognize a remedy for prisoners based on retaliation in violation of the First Amendment. Id.; accord Jones v. Sposato, 783 F. App'x 214, 218 (3d Cir. 2019).

B. Fourth Amendment Search and Seizure Claims

Plaintiff alleges Defendants engaged in unreasonable searches and seizures of his cell on several occasions, allegedly in retaliation against him for writing grievances. "The Supreme Court of the United States has stated unequivocally that 'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'" Kinard v. Bakos, 566 F. App'x 102, 104 (3d Cir. 2014) (quoting Hudson v. Palmer, 468 U.S. 517, 526 (1984)). Therefore, the Fourth Amendment claims in the complaint would be dismissed with prejudice upon conclusive screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

C. First Amendment Access to Courts Claim

Plaintiff alleges loss and/or destruction of his legal mail during cell searches. The Third Circuit rejected a First Amendment

denial of access to courts claim that arose in the context of confiscation of legal documents during a search of a prison cell. Kinard, 566 F. App'x at 104 (3d Cir. 2014). To state such a claim, a prisoner must allege actual injury to a viable legal claim. Id. (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)). Plaintiff has not pled facts alleging an actual injury to a viable legal claim. Therefore, the Court would dismiss without prejudice Plaintiff's First Amendment access to courts claim upon conclusive screening.

> D. Fifth Amendment Due Process Claim for Deprivation of Property

Plaintiff alleges Defendants confiscated the dreadlocks he had cut from his hair, depriving him of the opportunity to send his hair to his family for sentimental reasons. (Compl., ECF No. 1-2, ¶¶21-24.) He further alleges Defendants confiscated or damaged his personal items on more than one occasion when they searched his cell. (See generally Compl., ECF Nos. 1 and 1-2.) "Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." Crosby v. Piazza, 465 F. App'x 168, 172 (3d Cir. 2012) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). The opportunity to file an administrative grievance or a state court tort action are adequate post-deprivation remedies that preclude a constitutional claim. Id.

9

(citing Tillman v. Lebanon County Corr., 221 F.3d 410, 422 (3d Cir. 2000) (finding administrative grievance system an adequate post-deprivation remedy); Hudson, 468 U.S. at 535 (finding a state court tort action an adequate post-deprivation remedy)). Upon conclusive screening, the Court would dismiss with prejudice Plaintiff's Fifth Amendment due process claims for deprivation of his property.

   E.   Eighth Amendment Claim

Plaintiff alleges Officer Gunn violated the Eighth Amendment Cruel and Unusual Punishments Clause by throwing apples at him through the open slot in his cell. (Compl., ECF No. 1-1, ¶¶45-46.) Plaintiff was not seriously injured by the apples, although they made contact with him. (ECF No. 1, ¶IV; ECF No. 1-1, ¶¶45.)

"The core inquiry of an excessive-force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Fennell v. Cambria Cty. Prison, 607 F. App'x 145, 148 (3d Cir. 2015) (quoting Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). The inquiry involves consideration of the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates, and any efforts to temper the severity of a

forceful response. Fennell, 607 F> App'x at 148 (citing Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)). The absence of serious injury is relevant to the inquiry but not dispositive of an Eighth Amendment claim. Hudson, 503 U.S. at 7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. Thus, "'[a]n inmate who complains of a " 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38 (quoting Hudson, 503 U.S. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

In this case, there was no legitimate reason for the unprincipled and puerile action of throwing apples into Plaintiff's cell. The action, however, was akin to a push or shove that does not rise to the level of excessive force in violation of the Eighth Amendment. Upon conclusive screening, the Court would dismiss this claim with prejudice.

F. Conspiracy Claim

Plaintiff generally alleges that Defendants conspired to violate his civil rights and individually made statements to him that they were protecting each other from his grievances. (Compl., ECF Nos. 1, 1-2, ¶¶1-55 and Attach. D.) "[A] civil conspiracy claim requires a valid underlying tort claim." Banks v. Rozum, 639 F. App'x 778, 784 (3d Cir. 2016) (citing Gen. Refractories Co. v.

Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir.2003)). The Court has found that the complaint does not allege a valid constitutional claim. Upon conclusive screening, the Court would dismiss the conspiracy claim without prejudice for failure to state a claim.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: March 25, 2020

                                s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**